UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARINELL MUSIC AND DANNA WALLACE<br><br>Plaintiffs<br><br>v.<br><br>**CITY OF FREEPORT, TEXAS, FREEPORT ECONOMIC DEVELOPMENT CORPORATION, FREEPORT HISTORICAL MUSEUM FOUNDATION, CHRISTOPHER EDWARD DUNCAN (in his official and individual capacities), and DUNCAN LAW FIRM**<br><br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL COMPLAINT<br>§ CASE NO.<br>§<br>§ JURY TRIAL DEMAND<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

COMPLAINT

COMES NOW Plaintiffs Marinell Music and Danna Wallace, by and through their undersigned counsel, make their Complaint against The City of Freeport, Texas, Freeport Economic Development Corporation, Freeport Historical Museum Foundation, Christopher Edward Duncan and the Duncan Law Firm, state and allege the following:

I. INTRODUCTION

1. Plaintiffs Marinell Music and Danna Wallace, bring this action for monetary damages to address the deprivation of their civil rights secured to them by 42 U.S.C. § 1983.

Specifically, they allege they were deprived of their property without justification, in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Additionally, Plaintiffs claim the Defendants knowingly violated 26 U.S.C. § 6043(b) and elements of the Hobbs Act to achieve that deprivation.

2. Plaintiff's additionally claim this Court has supplemental jurisdiction over pendant state law claims pursuant to 28 U.S.C. Section 1367.

## II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 because the subject is a civil matter that arises under the Constitution, laws, and treaties of the United States. This Court also has supplemental jurisdiction over pendant state law claims pursuant to 28 U.S.C. Section 1367.

4. Personal jurisdiction and venue are proper under 28 U.S.C. Section 1391. The Southern District of Texas is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.   STATEMENT OF THE CASE

5. This case arises out of the unlawful, corrupt and pattern of racketeering activity pursued by officials elected by the voters of Freeport, Texas, taken in concert with other alleged co-conspirators, known and unknown, to violate the privileges afforded them by the color of their office, manipulating these privileges for unlawful personal gain.

6. Spanning a period of several years, members of the Freeport City Council, City Managers, the Board of Trustees of the Freeport Historical Museum Foundation, and the Board of Directors for the Freeport Economic Development Corporation have participated in a long-running conspiracy to limit the exposure of their activities. Although many have left the

public service of Freeport, Texas, others continue to manage departments or to hold positions within the city government. Actions taken pursuant to those ends included the systematic corruption of the political and administrative processes and the misuse of the judicial process required to terminate the charitable entity.

## IV.   THE PARTIES

7. Plaintiff, Marinell Music, is a United States citizen residing at 130 Allen Road, Oyster Creek, Brazoria County, Texas 77541.

8. Plaintiff, Danna Wallace, is a United States citizen residing at 1721 North Avenue U, Freeport, Brazoria County, Texas 77541.

9. The City of Freeport, Texas is organized as a Council-Manager Government and may be served at 200 West Second Street, Freeport, Texas 77541.

10. The Freeport Historical Museum Foundation is an organization originally formed as a 501(c)(3) organization who may be served at 311Nat Hickey Lane, Freeport, Texas 77541.

11. The Freeport Economic Development Corporation was created by the City of Freeport, Texas and may be served at 430 North Brazosport, Freeport, Texas 77541.

12. Christopher Edward Duncan is an attorney licensed in the State of Texas. Christopher Edward Duncan and Duncan Law Firm may be served at 104 West Myrtle Street, Angleton, Texas 77515.

## V.   FACTUAL ALLEGATIONS

13. A particularly notable and callous example of the behavior of these Defendants began with the creation of the Freeport Historical Museum Foundation by members of the Freeport City Council.

14. On March 3, 2014, Jeffrey Scott Pynes, Norma Garcia, Michelle Kemp, Sandra Loeza, Sandra Barbree, and Fred Bolton formed and registered the Freeport Historical Museum Foundation as a nonprofit corporation with the Office of the Secretary of the State of Texas. Norma Garcia, Michelle Kemp, Sandra Loeza, Sandra Barbree, and Fred Bolton, then currently members of the Freeport City Council, were listed as management board members of this historical foundation. Jeffrey Scott Pynes was the original registered agent of the organization. The registered office address and the address of all management members was listed as 200 West Second Street, Freeport, Texas 77541. This registered address was, and is, the address of City Hall for the City of Freeport, Texas.

15. The stated purpose for the Freeport Historical Museum Foundation was that it was organized exclusively for charitable, educational, and scientific purposes. The organization claimed that more specifically it was to receive, manage, and disburse charitable contributions made by the general public to educate the public regarding the history of the City of Freeport through its foundation.

16. The Freeport Historical Museum Foundation also claimed as part of its charitable purpose, it may make contributions to other organizations that qualify as exempt organizations under Section 501(c)(3) of the Internal Revenue Code.

17. As a supplemental provision, the Certificate of Formation provided that upon dissolution, the assets of the Freeport Historical Museum Foundation were to be distributed for one or more exempt purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code or shall be distributed to the federal government or to a state or local government, for a public purpose. The provision further provided that any assets not distributed would

be disposed of by a court of competent jurisdiction of the county in which the principal office is located.

18. The supplemental provisions provided that no part of the net earnings of the Freeport Historical Museum Foundation would inure to the benefit of, or be distributable to its members, trustees, officers, or other private persons, except that the Freeport Historical Museum Foundation shall be authorized and empowered to pay reasonable compensation for services rendered and to make payments and distributions in furtherance of its charitable purposes.

19. Additionally, these provisions provided that no part of the activities of the Freeport Historical Museum Foundation shall be in the carrying on of propaganda, or otherwise attempting to influence legislation, and the Freeport Historical Museum Foundation shall not participate in, or intervene in, to include the publishing or distribution of statements, any political campaign of or in opposition to any candidate for public office.

20. On May 15, 2015, the Freeport Historical Museum Foundation filed a Tax Franchise Tax Public Information Report lists Jeffrey Scott Pynes as President. The report being personally signed by Bob A. Welch, the mayor of the City of Freeport.

21. On August 25, 2015, the Department of the Treasury, through the Internal Revenue Service, notified the Freeport Historical Museum Foundation it had received public charity status as of March 3, 2014.

22. On July 25, 2016, the Freeport Historical Museum Foundation filed a Tax Franchise Tax Public Information Report again lists Jeffrey Scott Pynes as President. The report being electronically signed by Bob A. Welch.

23. On August 15, 2016, the Freeport Historical Museum Foundation filed a 2015 Short Form 990 with the Internal Revenue Service. That filing stated contributions, grants and gifts received to be in the amount of $172,596.

24. Putting their own personal, reputational, and financial interests ahead of the needs of the citizens of the City of Freeport, these board members, either actively or in willful blindness, supported the efforts of Jeffrey Scott Pynes in his money laundering efforts through the Freeport Historical Museum Foundation by preventing that detection until the subterfuge could no longer be hidden.

25. However, upon the detection of Mr. Pynes' activities, these individuals sought to acquire, and did acquire the sole real property asset of the Freeport Historical Museum Foundation located at 212 West Park Avenue, Freeport, Texas by these same individuals absorbing the assets of the Freeport Historical Museum Foundation into those of the City of Freeport without due process.

26. From the time of its entry into the ledger of assets of the Freeport Historical Museum Foundation, the building at 212 West Park Avenue was utilized for the leasing of commercial space to retail vendors. One of the vendors leasing space in this property was owned by Marinell Music and Danna Wallace, doing business as Lucy Goose. The Lucy Goose lease with the Freeport Historical Museum Foundation commenced June 22, 2018, and was originally to terminate on June 30, 2019.

27. Unknown to the proprietors of Lucy Goose, on June 21, 2018, Jeffrey Scott Pynes, the Executive Director of Freeport Historical Museum Foundation, was indicted in State District Court for Aggravated Theft by a Public Servant. The indictment accused Mr. Pynes of arranging fraudulent payments to Christopher Wenz who did business as FVI

Company, Flora Vision Company, FVI Wholesale Company, and ABS Interests Outdoor Solutions. Jeffrey Scott Pynes then received the misappropriated funds from Christopher Wenz. The indictment also accused Mr. Pynes of arranging fraudulent payments to Heath Beeman, doing business as Texas Mulch Masters. Jeffrey Scott Pynes then received the misappropriated funds from Heath Beeman. Additionally, Jeffrey Scott was accused in that indictment of unlawfully appropriating funds the City of Freeport received from Brock Enterprises, LLC, H & H Ventures, LLC, and additional funds belonging to the City of Freeport. Jeffrey Scott Pynes utilized the Freeport Historical Museum Foundation as a vehicle for bank transfers of a portion of these funds.

28. On October 19, 2018, the Secretary of State for the State of Texas forfeited the charter for the Freeport Historical Museum Foundation.

29. On March 17, 2019, Christopher Duncan files a Certificate of Formation for Freeport Trade Days, a nonprofit corporation for which he was the Registered Agent and Director. The address of the corporation was listed as 104 West Myrtle, Suite 218 in Angleton, the address of Christopher Duncan's law office. The other directors listed for this organization were Marinell Music, Danna Wallace, Jennifer Hawkins, and Gardner Campbell.

30. On May 15, 2019, the Internal Revenue Service issued notice the Freeport Historical Museum Foundation's 501(c)(3) status had been revoked.

31. The Freeport Historical Museum Foundation failed to perform the termination procedures required by Chapter 26 of the United States Code. Additionally, no filing was made with the Secretary of State regarding the termination.

32. At all times prior to the interference by the City of Freeport, Lucy Goose paid funds for rental of the leased property to the Freeport Historical Museum Foundation. On June 4,

2019, Lucy Goose and its representatives received a text message from Leann Strahan, the Freeport Historical Museum Foundation Director, notifying them that all future payments were to be made to the City of Freeport, Texas. The lease relationship continued on a month-by-month basis.

33. In March 2020, Christopher Duncan created a Deed of Trust for Anthony G. Music and Marinell Music as Lenders and Alan Lawson and Dana Wallace as Grantors. Christopher Duncan is named as Trustee; General Warranty Deed with Anthony G. Music and Marinell Music as Grantors and Alan Lawson and Dana Wallace as Grantees; and a Promissory Note Alan Reed Lawson and Dana Riley Wallace as Borrowers and Anthony G. Music and Marinell Music as Lenders.

34. On June 22, 2019, Christopher Duncan, was appointed City Attorney for Freeport at a fee of $ 5,500 monthly. These contracted duties included all administrative matters excepting the defense of legal actions against the city.

35. Upon the expiration of the lease, Marinell Music and Danna Wallace requested an extension to the lease or the commencement of a new lease. Marinell Music, an owner of Lucy Goose, contacted Christopher Duncan, the City of Freeport's Attorney regarding it failure to obtain a new lease on the property. Mr. Duncan advised Mrs. Music to refuse payment until the City of Freeport had proffered a lease.

36. In September 2020, at the direction of Christopher Duncan, Lucy Goose began to withhold payment and continued to do so at Duncan's direction.

37. On September 28, 2020, the City of Freeport caused the title of 212 West Park Avenue in Freeport, Texas, to be transferred to the Freeport Economic Development Corporation, again without due process.

38. On April 5, 2021, Marinell Music and Danna Wallace received correspondence in the form of a Notice To Vacate from the Duncan Law Firm on or before April 16, 2021, at 12:00 p.m. That correspondence also stated that it had come to the knowledge of the Economic Development Corporation that Lucy Goose had advertised to sell a vent-hood and fire suppression system that they had purchased, claiming that they could neither sell nor remove it. The correspondence additionally threatened them with criminal prosecution if they were to remove the vent-hood and fire suppression system.

39. By April 16, 2021, Lucy Goose and its proprietors had vacated the premises.

## VI. CAUSES OF ACTION

COUNT I: CLAIM AGAINST ALL DEFENDANTS FOR A VIOLATION OF PLAINTIFFS' FOURTEENTH AND FIFTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983.

40. Plaintiffs Marinell Music and Danna Wallace, incorporate by reference the allegations of paragraphs 1 through 39 as though fully set forth herein.

41. The Plaintiffs have a compensatory interest in the vent-hood and fire suppression system.

42. The Defendants violated the property rights of the Plaintiffs by taking possession of the Plaintiff's property without compensation.

43. The Plaintiffs suffered damages as a direct result of Defendants' actions.

WHEREFORE, Plaintiffs Marinell Music and Danna Wallace, respectfully request that this Court enter a judgment in their favor:

    a. Awarding them economic damages;

    b. Awarding them compensatory damages;

    c. Awarding them attorney fees and costs; and

    d.  Granting such other relief as the Court deems necessary and appropriate.

COUNT II:    CLAIM AGAINST CHRISTOPHER EDWARD DUNCAN AND DUNCAN LAW FIRM FOR VIOLATION OF TEX. BUS. & COM. CODE § 17-45(5).

44. Plaintiffs, Marinell Music and Danna Wallace had previously utilized Christopher Edward Duncan and Duncan Law Firm to provide legal services.

45. After Duncan's appointment as the City Attorney for the City of Freeport, the Freeport Economic Development Corporation and The Freeport Historical Museum Foundation, he continued to offer legal counsel to Plaintiffs.

46. The legal counsel was a direct conflict of interest to the Plaintiffs and breached the duties of confidentiality, fidelity, and fiduciary responsibility.

47. Christopher Edward Duncan and the Duncan Law Firm counseled the Plaintiffs to withhold rental payments until the Freeport Historical Museum Foundation, City of Freeport, or the Freeport Economic Development Corporation proffered a new lease contract.

48. Christopher Edward Duncan and the Duncan Law Firm then authored, and cause to be delivered, a Notice to Vacate their space located at 212 West Park Avenue, Freeport, Texas for acceding to his counsel by failing to pay rent on the property. Additionally, Christopher Edward Duncan and the Duncan Law Firm prevented the Plaintiffs from removing their property by threatening that the removal of their property would be prosected as a criminal act.

49. The actions of Christopher Edward Duncan and the Duncan Law Firm exceed the standard for unconscionable acts.

WHEREFORE, Plaintiffs Marinell Music and Danna Wallace, respectfully request that this Court enter a judgment in their favor:

    a. Awarding them treble economic damages;

    b. Awarding them damages for mental anguish;

    c. Awarding them attorney fees and costs; and

    d. Granting such other relief as the Court deems necessary and appropriate.

## VII. JURY DEMAND

50. Plaintiffs Marinell Music and Danna Wallace demand a trial by jury on all issues so triable.

## VIII. PRAYER

PLAINTIFFS PRAY that this Honorable Court:

    a. Enter judgment on behalf of Marinell Music and Danna Wallace for economic damages against all Defendants jointly and severally, and separately, in the amount to be proven at trial;

    b. Enter judgment on behalf of Marinell Music and Danna Wallace for compensatory damages against all Defendants jointly and severally, and separately, in the amount to be proven at trial;

    c. Enter judgment on behalf of Marinell Music and Danna Wallace for attorney fees and costs; against all Defendants jointly and severally, and separately;

    d. Enter judgment on behalf of Marinell Music and Danna Wallace granting such other relief as the Court deems necessary and appropriate against all Defendants jointly and severally, and separately.

    e. Enter judgment on behalf of Marinell Music and Danna Wallace for treble economic damages against Christopher Edward Duncan and Duncan Law Firm;

f.  Enter judgment in behalf of Marinell Music and Danna Wallace of damages for mental anguish for compensatory damages against Christopher Edward Duncan and Duncan Law Firm;

g.  Enter judgment on behalf of Marinell Music and Danna Wallace for attorney fees and costs; against Christopher Edward Duncan and Duncan Law Firm;

h.  Enter judgment on behalf of Marinell Music and Danna Wallace granting such other relief as the Court deems necessary and appropriate against Christopher Edward Duncan and Duncan Law Firm.

i.  Grant a trial by jury on all issues so triable.

Respectfully submitted,

CLAY THOMAS P.C.

*/s/ Clay Dean Thomas*
Clay Dean Thomas
State Bar No. 24088520
clay.thomas@claythomaspc.com

15344 West State Highway 21
Douglass, Texas 75943
Telephone:    979/733-6728
Facsimile: 979/773-5055